IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

IN RE: SUBPOENA ISSUED TO
TWITTER, INC.

Case No. 3:18mj928 (SALM)

**Filed Under Seal**

FILED 2018 JUN 15 P 2:59
U.S. DISTRICT COURT
NEW HAVEN, CT.

## APPLICATION FOR ORDER COMMANDING TWITTER, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order TWITTER, INC. not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena, for the period of 180 days, or until December 12, 2018, or until further order of the Court.

TWITTER, INC. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires TWITTER, INC. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing investigation by the Federal Bureau of Investigation's Cyber Crime Unit into, among other things, cyber intrusions into a Connecticut-based company by the targets of the investigation, and the ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. At least one of the remaining targets is believed to be located abroad. Accordingly, there is reason to believe that notification

jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing TWITTER, INC. not to disclose the existence or content of the attached subpoena, except that TWITTER, INC. may disclose the attached subpoena to an attorney for TWITTER, INC. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on _June 15, 2018_.

                                      JOHN H. DURHAM  
                                      UNITED STATES ATTORNEY

                                      _____  
                                      DAVID T. HUANG  
                                      ASSISTANT U.S. ATTORNEY  
                                      Federal Bar No. CT30434  
                                      157 Church Street, 25th Floor  
                                      New Haven, CT 06510